### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DAVID B. CAPLE,** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | **CIVIL NO. JKB-14-1964** |
| | * | |
| **GREYHOUND LINES, INC.,** *et al* | * | |
| | * | |
| **Defendants** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM

David B. Caple ("Plaintiff") brought an action pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, against both his former employer—Greyhound Lines, Inc. ("Greyhound")—and his national and local affiliate labor unions—Amalgamated Transit Union ("ATU") and Amalgamated Transit Union, Local Union 1700 ("the Local"). The suit is labeled a "hybrid 301" action because Plaintiff both alleges that Greyhound breached a contract, and also that Plaintiff's labor unions breached their duty of fair representation for failing to adequately advocate on Plaintiff's behalf following Greyhound's breach. Now pending before the Court is the Local's motion to dismiss (ECF No. 12) and Plaintiff's motion for leave to file an amended complaint (ECF No. 21). The issues have been briefed,[1] and no hearing is required, Local Rule 105.6. For the reasons explained below, the Local's motion to dismiss will be GRANTED and Plaintiff's motion for leave to file an amended complaint will be DENIED.

---

[1] The motion to dismiss was briefed in ECF Nos. 13, 20, and 24; the motion for leave to file an amended complaint was briefed in ECF Nos. 21, 25, and 28.

A.     **BACKGROUND**[2]

Plaintiff was employed by Greyhound from 1998 through June 2013.  (ECF No. 1 ¶ 13.)
During this time, Plaintiff was a member of the Local, an affiliate of ATU—a national labor
organization.  (*Id.* ¶¶ 6-7, 26.)  In April 2013, Greyhound and the Local entered into a Collective
Bargaining Agreement ("CBA") that remains in effect until March 31, 2018, and governs the
dispute described in Plaintiff's complaint and proposed amended complaint.  (*See* ECF No. 21-3
¶ 16.)  In relevant part, the CBA's Article G-8(a) establishes a procedure for union members to
file grievances against Greyhound.  (*See* ECF No. 20-5.)  The CBA's grievance procedure
involves three stages, followed by possible arbitration.  (*Id.*)

On June 23, 2013, Plaintiff collided with a fixed object, apparently while driving a
Greyhound bus, and Greyhound terminated Plaintiff on June 28 for failing to report this accident
within the requisite twenty-four hours.  (ECF No. 13 at 11; ECF No. 21-3 ¶¶ 14, 31-32.)  On July
3, Plaintiff filed a Step 2 grievance[3] arguing that he was terminated without just cause (*id.* ¶ 33),
and on July 16, Greyhound denied Plaintiff's Step 2 grievance (*id.* ¶ 35).  On July 22, the Local
filed a timely appeal, and a Step 3 appeal conference was held on July 29.  (*Id.* ¶¶ 36-37.)

The CBA states that "[w]ithin 15 days of the [Step 3 appeal] conference, [Greyhound]
must respond with a written decision . . . ."  (ECF No. 20-5 at 2.)  Greyhound did not respond
within fifteen days, however, and instead denied Plaintiff's Step 3 appeal approximately three
months later on November 24.  (ECF No. 21-3 ¶ 44.)  Fifteen days after the Step 3 appeal
conference was held, Plaintiff notified the Local that Greyhound's response was overdue.  (*Id.* ¶
39.)  The Local explained that it intended to give Greyhound more time.  Three days later—on

---

[2] The facts are recited here as alleged by Plaintiff, this being a motion to dismiss.  *See Ibarra v. United States*, 120
F.3d 472, 474 (4th Cir. 1997).
[3] According to the CBA, termination grievances skip Step 1 and begin immediately at Step 2.  (*See* ECF No. 20-5 at
2.)

August 18—the Local informed Greyhound that it had failed to respond in time.  (*Id.* ¶¶ 40-42.)

Specifically, the Local sent the following message to Greyhound: "Today is August 18, 2013,

twenty days later, there has not been any response from the hearings; therefore, the union is

calling time on [Plaintiff's grievance]. . . . Reinstatement with full seniority and back pay;

immediately made whole."  (*Id.* ¶ 43.)  After sending this message, the Local did not take any

subsequent action in the three months leading up to Greyhound's final decision on November 24.

(*Id.* ¶¶ 45-46.)

After Greyhound denied Plaintiff's Step 3 appeal, Plaintiff requested that the Local

pursue arbitration on Plaintiff's behalf pursuant to CBA Article G-8(b).  (*Id.* ¶¶ 50-51; *see also*

ECF No. 20-5.)  The Local responded that it would decide whether to bring Plaintiff's case to

arbitration during an executive board conference, apparently to be held in Atlantic City, New

Jersey.[4]  (ECF No. 21-3 ¶ 52.)  Approximately one month later, the Local notified Plaintiff "that

after a very lengthy discussion the board voted not to take [Plaintiff's] grievance to arbitration."

(ECF No. 20-12.)

Plaintiff filed this complaint on June 17, 2014.  (ECF No. 1.)  At present, each of the

three defendants in this case are in a different and distinct posture with the Court: The Local filed

a motion to dismiss for failure to state a claim on August 27, 2014 (ECF No. 12), Greyhound

filed its answer to Plaintiff's complaint on September 9 (ECF No. 15), and ATU has yet to be

served (*see* ECF No. 21 at 2).  On October 27, Plaintiff filed a motion for leave to file an

amended complaint. (ECF No. 21).  The Local opposes Plaintiff's motion for leave to amend,

arguing that Plaintiff's proposed amended complaint would be futile; it allegedly fails to state a

---

[4] Plaintiff continues to allege, even in the proposed amended complaint, that the Local's executive board conference was to be held in Orlando, Florida.  The Court is puzzled by this allegation, especially because Plaintiff's own exhibit shows that the conference was scheduled to be held at Caesars Hotel in Atlantic City, New Jersey.  (*See* ECF No. 20-11.)

plausible claim for the same reasons that Plaintiff's original complaint should be dismissed. (ECF No. 25.)  The Court now addresses first Plaintiff's motion for leave to file an amended complaint (ECF No. 21), and second the Local's motion to dismiss (ECF No. 12).  Both motions hinge on the same analysis: whether Plaintiff's complaint (ECF No. 1) or Plaintiff's proposed amended complaint (ECF No. 21-3) state a plausible claim upon which relief can be granted.

## B.    LEGAL STANDARD

Leave to file an amended or supplemental pleading should be "freely give[n] where justice so requires."  Fed. R. Civ. P. 15(a)(2).  A district court may deny leave, however, if: (1) the new pleading would prejudice the opposing party; (2) the moving party has acted in bad faith; or, (3) the new pleading would be futile (i.e., if it could not withstand a motion to dismiss). *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).  If a district court chooses to deny leave, it must give justifying reasons.  *See Pittston Co. v. United States*, 199 F.3d 694, 705 (4th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  An inference of a mere possibility of misconduct is not sufficient to support a plausible claim.  *Id.* at 679.  As the *Twombly* opinion stated, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  550 U.S. at 555.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . .

Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).   Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

### C.   PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (ECF No. 21)

Plaintiff seeks leave to file a first amended complaint that would amend and add factual allegations to support Plaintiff's claim that ATU and the Local breached their duty of fair representation.   (*See* ECF No. 21-3 ¶¶ 24-69.)   The Local opposes Plaintiff's motion on the ground that the proposed amendment "would be futile in curing the defects" already present in Plaintiff's original complaint.   (ECF No. 25 at 6.)

On claims for breach of the duty of fair representation, the Fourth Circuit has cautioned that "[f]ederal labor law policy favors [resolution] by the parties of disputes arising under a collective bargaining agreement," and thus "[t]he federal courts do not invade this domain on the complaint of an employee unless his union is 'grossly deficient' in its representation or 'recklessly disregards' the employee's rights." *Amburgey v. Consolidation Coal Co.*, 923 F.2d 27, 29 (4th Cir. 1991).   A breach "occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).   "Whether a union acted arbitrarily, discriminatorily, or in bad faith requires a separate analysis, because each of these requirements represents a distinct and separate obligation." *Thompson v. Aluminum Co. of America.*, 276 F.3d 651, 657 (4th Cir. 2002).

Plaintiff relies on nothing more than conclusory and naked assertions to allege that the Local acted discriminatorily or in bad faith.   To sufficiently allege a discriminatory act, Plaintiff

must show that "the union's actions are invidious," meaning they were "based upon impermissible or immutable classifications . . . or arise[] from prejudice or animus." *Thomson v. Verizon Maryland, Inc.*, 140 F. Supp. 2d 546, 551 (D. Md. 2001) (quoting *Considine v. Newspaper Agency Corp.*, 43 F.3d 1349, 1359-60 (10th Cir. 1994)).   And to allege bad faith, Plaintiff must show "fraud, or deceitful or dishonest action." *Id.*  Plaintiff has alleged neither invidious acts nor fraud, instead reciting elements of the cause of action in conclusory terms: Plaintiff claims that the Local "acted . . . in a discriminatory manner, and in bad faith, in refusing to press Plaintiff's grievance to arbitration."   (ECF No. 21-3 ¶ 67.)   Plaintiff's response in opposition to Defendant's motion to dismiss invokes an even more serious, and seemingly baseless, allegation: "[The Local's] failure to take action also raises the scepter of racial animus. [Plaintiff] is a Black male, and [the Local's Vice President] is Caucasian." (ECF No. 20-2 at 21.)   Plaintiff presents a quintessential naked assertion, one which the Court will not lend credence to without supporting factual allegations.  Plaintiff's complaint and proposed amended complaint fail to allege any facts to support a facially plausible claim that the Local acted discriminatorily or in bad faith.

Plaintiff has, though, alleged instances of potentially arbitrary actions that warrant careful consideration.  The Court's "analysis of whether a union's actions were arbitrary looks to the objective adequacy of that union's conduct." *Thompson*, 276 F.3d at 658.  The Local's alleged actions were arbitrary only if they were "so far outside a wide range of reasonableness, that [they were] wholly irrational." *Jeffreys v. Commc'ns. Workers of America, AFL-CIO*, 354 F.3d 270, 274 (4th Cir. 2003) (quoting *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 78 (1991)).  The Court now reviews each allegation of the Local's arbitrary actions that appear in Plaintiff's proposed amended complaint.

The Local did not act arbitrarily when it declined to immediately "call time" on Greyhound fifteen days after the Step 3 appeal hearing. By Plaintiff's own admission, the Local *did* call time on Greyhound five days later and demanded "[r]einstatement with full seniority and back pay." (*See* ECF No. 21-3 ¶ 19; ECF No. 20-2 at 7-8.) The Local's decision to wait five days is hardly "so far outside a wide range of reasonableness" to be wholly irrational.

Moreover, the Local's other allegedly arbitrary conduct does not appear to be wholly irrational, at least not without additional context. Plaintiff argues that the Local arbitrarily: (a) refused to cover Plaintiff's travel expenses to attend the Local's executive conference in Atlantic City (ECF No. 21-3 ¶¶ 52-54); (b) failed to fulfill its promise to arbitrate on Plaintiff's behalf (*id.* ¶ 58); and (c) failed to explain  its decision not to arbitrate on Plaintiff's behalf (*id.* 56). Plaintiff's complaint and proposed amended complaint both fail to plausibly contend that these three decisions were objectively arbitrary. Plaintiff does not refer to caselaw in which similar decisions were deemed arbitrary, does not refer to comparator members of the Local who were treated differently than Plaintiff, and does not refer to text in the Local's bylaws to establish that these allegedly implicit duties may actually exist. Perhaps with added context, Plaintiff could re-frame these allegations as plausible claims capable of surviving a motion to dismiss.[5] At present though, the Court finds no such context in the pleadings,[6] and thus finds no plausible claim for breach of the duty of fair representation based on these three allegations.

---

[5] Plaintiff faces an especially stringent standard in challenging the Local's decision not to arbitrate. The CBA appears to recognize that the Local has discretion in deciding whether to refer a grievance to arbitration. (*See* ECF No. 20-5 at 2 ("In the event a grievance is not resolved at Step 3, the grievance *may* be referred in writing to arbitration by the union president . . . ." (emphasis added)).) Further, the Fourth Circuit has directed that "[a]n employee has no absolute right to insist that his grievance be taken to a certain level; a union may screen grievances and press only those that it concludes will justify the expense and time involved in terms of benefitting the membership at large." *Thompson*, 276 F.3d at 658 (internal quotation marks omitted). "As long as a union does not arbitrarily ignore a meritorious grievance or handle it in a perfunctory manner, that union has not violated its duty of fair representation." *Id.*

[6] Or the amended pleadings.

Plaintiff's most compelling argument is that the Local arbitrarily failed to take any action from August 18 through November 24.  Plaintiff waited to resolve his grievance for three full months while Greyhound had seemingly violated the CBA's fifteen-day deadline.  This argument is untenable in its current form, however, because Plaintiff has not alleged how Greyhound's delay should have affected his case for reinstatement.  Greyhound's delay appears to violate the CBA's grievance procedure, but in fact the CBA is notably silent on whether such a violation carries any consequence.  The Court's analysis might have been quite different had Plaintiff alleged that other Local members have been reinstated, or received some alternative remedy, where Greyhound has missed comparable grievance procedure deadlines.  Similarly, Plaintiff's case would present a closer issue if Plaintiff could reference the Local's bylaws or analogous caselaw or any authority whatsoever to show that the Local had an affirmative obligation to challenge Greyhound's delay.  Without context to suggest otherwise, the Local's conduct as alleged does not rise to the level of objective arbitrariness; the Local's conduct was not so far outside the range of reasonableness to be wholly irrational.

Thus, Plaintiff's proposed amended complaint is futile because it fails to state a plausible claim that any of the Local's actions constituted a breach of the duty of fair representation.

### D.    THE LOCAL'S MOTION TO DISMISS (ECF No. 12)

The Court adopts the same reasoning expressed in Part C, *supra*.  Plaintiff's original complaint (ECF No. 1) is also found deficient for failing to state a plausible claim, and therefore the complaint will be dismissed.

**E.      CONCLUSION**

Accordingly, an order shall issue DENYING Plaintiff's motion for leave to amend the complaint (ECF No. 21), and GRANTING the Local's motion to dismiss (ECF No. 12).


DATED this <u>25th</u> day of February, 2015.

BY THE COURT:

_____<u>/s/</u>_____

James K. Bredar

United States District Judge